## SUPREME COURT.

### Thaddeus Whitney agt. Wait Wells.

In this case, this court on appeal from a judgment of the county court containing a case and exceptions, in an action originating in a justice's court, *held*, that it could not set aside the verdict and grant a new trial on the ground that the verdict was against evidence—the motion for a new trial on that ground should first be made in the county court, before appealing to this court.

But this court *reversed* the judgment of the county court, and granted a new trial in that court for an *error in the charge of the county judge.*

*Broome General Term, November,* 1864.

*Before* Campbell, Parker, Mason *and* Balcom, *Justices.*

This action originated in a justice's court, where the plaintiff recovered a verdict for $50 damages. The defendant appealed to the Cortland county court, where the plaintiff again recovered a verdict for the same amount of damages. The defendant made a case containing his exceptions taken on the trial in the county court, which were settled and made a part of the judgment roll in that court. He

then appealed from the judgment of that court to this court, without first moving for a new trial in the former court. His counsel made the point in this court that the verdict of the jury in the county court was against the evidence. But upon this point the court said : " This court cannot set aside the verdict and grant a new trial on the ground that the verdict is against the evidence. The defendant should have moved for a new trial on that ground in the county court, before appealing to this court."

This court, however, reversed the judgment of the county court, and granted a new trial in that court for an error in the charge of the county judge to the jury.

W. H. WARREN, *for plaintiff.*
STEPHEN KELLOGG, *for defendant.*