# SUPREME COURT.

## NATHAN BOUGHTON agt. RANSOM MITCHELL.

The supreme court can review judgments of the county court, brought up by
appeal, on exceptions that are made a part of the record, though the exceptions
have not been passed upon in the former court by a motion for a *new trial in that
court ;* and it may reverse the judgments of such court and grant new trials
therein. (*Adhering to the decision in the case of Monroe* agt. *Monroe,* 27
*How. Pr. Rep.* 208.)

But this court cannot grant a new trial in the county court on the ground that the
verdict *was against evidence,* until after a motion has been made in such court
on that ground and denied.

A ruling of the county court that is excepted to, is a decision of that court, and
it need not be passed upon a second time in that court to authorize this court to
review it. And the rulings of a *referee* on the trial of a cause in the county
court are deemed *decisions* of such court. *

---

*NOTE.—Section 351 of the Code says : " All statutes now in force providing
for the review of judgments in civil cases, rendered by courts of *justices of the peace,*
* * * and *regulating the practice in relation to such review, are repealed;* and
hereafter the only mode of reviewing such judgments shall be an appeal, as pre-
scribed by this chapter." " The appeal shall be to the county court of the county
where the judgment was rendered " (§ 352). " The (county) court shall have
the same power over its own determinations, the verdict of the jury, and shall
render judgment thereon in the same manner as the supreme court in actions
pending therein" (§ 366, *sub.* 5). "Either party may move for a *new trial on a
case or exception,* or otherwise, and such motion may be made before or after
judgment has been entered; and the provisions of this act in relation to the pro-
ceedings on receiving the verdict of a jury, exceptions to the decisions of the court,
making and settling case and exceptions, *motions for new trials,* and making up
the judgment roll in the *supreme court, are hereby made applicable to all appeals
brought up for trial as in this chapter provided* " (*Id. sub.* 6). " A motion for
a *new trial,* on a *case or exceptions,* or otherwise, and an application for judgment
on a special verdict or case reserved for argument or further consideration, *must
in the first instance be heard and decided at the circuit or special term,* except
that when exceptions are taken, the judge trying the cause may at the trial direct
them to be heard in the first instance at the general term, and the judgment in
the meantime suspended; and in that case they must be there heard in the first
instance, and judgment there given (§ 265, *sub.* 1).

If all prior statutes regulating the practice in relation to the review of judg-
ments of justices of the peace are repealed by section 351 of the Code, it would
seem that not only the *writ of error* to the common pleas or county court, which
the Revised Statutes provided for bringing up for review such judgments, but the
*exceptions* that were made part of the record, and which might be heard though
no motion for a new trial had been made in those courts, were alike swept away.
For the provisions for the review of such judgments mentioned in this section,

*Broome General Term.   Argued January*, 1865.   *Decided May*, 1865.

*Before* PARKER, MASON *and* BALCOM, *Justices.*

THIS action was brought before a justice of the peace to recover for an alleged breach of warranty of a horse the defendant sold to the plaintiff for $125.   The plaintiff alleged that the defendant warranted the horse sound and right every way, and that he was unsound in his right hind leg, and was vicious when being shod.

The justice rendered a judgment in favor of the defendant for costs.   The plaintiff appealed from the judgment to the Delaware county court, where the cause was duly referred to a referee to hear and determine.   The referee reported and decided that the horse was all right as warranted by the defendant except as to the soundness of the right hind leg, and that he was unsound in that leg, which unsoundness injuriously affected his gait and travel; and that the plaintiff had sustained damages by reason of the premises to the amount of fifty dollars; and that the plaintiff was entitled to recover that sum of the defendant, besides costs.

The defendant made a case containing his exceptions, which was filed and made a part of the judgment roll. After judgment was entered in favor of the plaintiff, the defendant appealed therefrom to this court, without making any motion for a new trial in the county court.

L. L. BUNDY, *for plaintiff.*

WILLIAM YOUMANS, JR., *for defendant.*

By the court, BALCOM, J.   The plaintiff's counsel has made the point that the defendant could not appeal to this

must be considered as applicable to all the courts that are authorized to review them.   That such is the proper construction of this section, would seem to be confirmed by the provisions of section 366 above .quoted, making applicable the practice of the supreme court to *all appeals* brought up for trial in the county court.—REP.

court until the county court had passed upon the exceptions on a motion for a new trial in that court. He thinks the reasoning of the judge who delivered the opinion in *Carter* agt. *Werner* (27 *How. Pr. Rep.* 385), in the fifth district, is more satisfactory than my opinion in *Monroe* agt. *Monroe* (27 *How. Pr. Rep.* 208).

It is true I overlooked a statute in *Monroe* agt. *Monroe*, which is cited in *Carter* agt. *Werner.* But that statute (2 *R. S.* 423, § 78), greatly strengthens my conviction that my conclusion in *Monroe* agt. *Monroe*, was correct. Neither that statute nor the preceding sections 77, 76 and 73, have been repealed by the Code, and they are in force so far as they are applicable to civil actions that are triable in county courts (*Laws of* 1847, *vol.* 1, *p.* 330, §§ 36, 37).

Courts of common pleas could grant new trials on exceptions, or on the ground that the verdict was against evidence. (2 *R. S.* 208, § 1, *sub.* 2; *Id.* 422, § 76.) The county court may now do the same (*Code,* § 30, *sub.* 13). The supreme court, before the Code, could review judgments of the court of common pleas or county court, brought up by writ of error, on exceptions that were made part of the record, though no motion for a new trial had been made in those courts. (2 *R. S.* 423, § 80; *Laws of* 1847, *vol.* 1, *pp.* 323 *and* 324, §§ 16, 17.) The supreme court may now review judgments of the county court brought up by appeal, on exceptions that are made a part of the record, though the exceptions have not been passed upon in the former court by *a motion for a new trial in that court,* and it may reverse the judgments of such court and grant new trials therein. (*Laws of* 1847, *vol.* 1, *pp.* 323 *and* 324, §§ 16, 17; *Code,* § 344.)

An appeal will also lie to this court from an order of the county court granting or refusing a new trial in an action tried in that court. (*Code,* § 30, *sub.* 13; *Id.* § 344.) But this court cannot grant a new trial in the county court on the ground that the verdict was against evidence, until

after a motion has been made in such court on that ground and denied, for the reason that such court must pass upon such a question, to authorize an appeal on that ground (see *Whitney* agt. *Wells*, 28 *How. Pr. Rep.* 150). A ruling of the county court that is excepted to, is a decision of that court, and it need not be passed upon a second time in that court to authorize this court to review it; and the rulings of a-referee on the trial of a cause in the county court are deemed decisions of such court (*Code*, § 272).

These reasons, and those assigned in *Monroe* agt. *Monroe*, satisfy me that we should adhere to our conclusion in that case, and review the exceptions taken on the trial of this cause, though no motion for a new trial has been made in the county court. None of the questions made respecting the viciousness of the horse when being shod need be noticed, for the reason that the final decision of the referee on that question was in favor of the defendant. And I am of the opinion the referee did not err in any ruling he made upon the trial, on the branch of the case he decided in favor of the plaintiff.

My conclusion therefore is, that the judgment in the action should be affirmed, with costs.

PARKER and MASON, JJ., concurring.

---

## · SUPREME COURT.

John E. Tallman, respondent agt. The Atlantic Fire and Marine Insurance Company, appellant.

Where a *policy of insurance* on chattels contains a clause that " in case of any sale, transfer, or change of title in the property insured, such insurance shall be void and cease," the execution of a *chattel mortgage* on the property by the insured to a third person, without notice to the insurance company, or their assent obtained, avoids the policy.

And the *sale* of the mortgaged property under the power contained in the mortgage to the mortgagee, and possession by him without notice to the insurer, avoids the policy.